## WEBSTER v. NEAL.

No. 16261—Opinion Filed Feb. 16, 1926.

Rehearing Denied July 27, 1926.

**1. Specific Performance—Necessary Proof as to Contract.**

A decree for specific performance will not be granted unless the evidence of the making of the contract is clear and convincing, and unless its terms, the consideration on which it was founded, and the time of its execution are clearly established.

**2. Same—Parol Contract for Sale of Land.**

Where an action in the nature of an action for the specific performance of a parol contract for the sale of a certain interest in land is brought, and where the existence of such contract is denied, the existence of such parol contract must be established by clear and convincing testimony, and a mere preponderance is not sufficient.

**3. Same—Part Performance of Parol Contract—Proof.**

Specific performance of a parol contract for the sale of land upon the ground of part performance will not be decreed unless the facts alleged to be in part performance are established by clear and convincing testimony.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; James Hepburn, Judge. ·

Action by L. Neal against C. J. Webster. Judgment for plaintiff, and defendant appeals. Reversed.

R. A. Hockensmith, for plaintiff in error.

Jos. I. Pitchford, for defendant in error.

Opinion by FOSTER, C. On August 9, 1922, the defendant in error, as plaintiff, brought an action in the district court of Okmulgee county against plaintiff in error, as defendant, to recover the sum of $7,500, the alleged purchase price of an assignment of a departmental oil and gas lease, which it was alleged the plaintiff in error refused to receive and pay for. Parties will be hereinafter designated as they appeared in the trial court.

It appears that on the 5th day of July, 1921, as assignment of a departmental oil and gas lease covering the east half of the southeast quarter of section 4, township 12 north, range 13 east, was approved by the Secretary of the Interior to the plaintiff as assignee; that plaintiff was desirous of developing said lease for oil and gas mining purposes, and that sometime in the summer of 1921, and prior to the date on which the plaintiff received from the Department the original approved assignment, he entered into negotiations with the defendant and with the Noco Mexican Oil Company, to purchase a one-half undivided interest in this lease for the sum of $7,500; that these negotiations had their inception in the Savoy Hotel in Kansas City, Mo., where the Noco Mexican Oil Company was having a directors' meeting of some kind, which meeting the defendant, Webster, was attending in his capacity as president of the company. On this occasion the following memorandum was signed by the defendant and delivered to the plaintiff:

"Make assignment to Noco Mexican Oil Company, a Delaware corporation. Send the assignment to the Irving National Bank of New York. Write company at 213 Broadway, New York, and will send you check for $3,-750, and we will pay you remainder of $3,-750 when well is completed to 2,100 feet unless oil or gas is found in paying quantities at a lesser depth. C. J. Webster."

Plaintiff's action was against both C. J. Webster and Noco Mexican Oil Company, but service of summons was never obtained up-

on the defendant Noco Mexican Oil Company, and judgment was sought against defendant Webster upon the theory that he was personally and individually liable. Answer in the form of a general denial was filed by the defendant, and at the conclusion of the trial, the trial court after it had overruled defendant's motion for judgment on the pleadings, overruled his objection to the introduction of any testimony on the part of the plaintiff, and overruled his demurrer to the evidence of the plaintiff, at the conclusion of plaintiff's evidence rendered a general judgment in favor of the plaintiff for the amount sued for. From this judgment and from an order overruling his motion for a new trial the defendant appeals.

It is not contended by the plaintiff, as we understand it, that the above described instrument is a sufficient memorandum under the statute of frauds to entitle the plaintiff to relief. His contention is that under an agreement to convey an interest in real estate which is entirely oral, where that part of the agreement has been completely performed which comes within the provisions of the statute, and the part remaining to be performed is merely the payment of money or the performance of some act which is not required to be put in writing, he is entitled to relief. The argument is that the facts and circumstances relied on by the plaintiff to establish part performance, and to take the case out of the operation of the statute of frauds, being practically undisputed, he is entitled to judgment for purchase money, the promise to pay which is not required to be put in writing under the statute of frauds. In order to test the soundness of this argument it will be necessary to review briefly the evidence introduced at the trial as disclosed by the record. It will be observed that the acts of part performance relied on by the plaintiff to take the case out of the operation of the statute of frauds are based mainly on the contents of lost letters and telegrams. Aside from the memorandum hereinbefore set out, which contains no description of the subject-matter, no writing was introduced bearing the signature of the defendant, evidencing any contract for the purchase of any interest in any lease, or evidencing the performance of any such contract. While the plaintiff testified to having received several letters and telegrams evidencing the acceptance by the defendant of the contract relied on, none of such documents were produced at the trial, and the admission in evidence of the contents of such documents could be received only as secondary evidence. It is true that F. J. Wood

testified that he was employed by the Noco Mexican Oil Company as superintendent, and that he received from the defendant certain instructions by letter to inspect the property involved herein, but Mr. Wood was unable to produce the original of such letter, and according to his testimony he was representing the Noco Mexican Oil Company in this transaction instead of the defendant. In any event there is no evidence that F. J. Wood was the agent of the defendant concerning the transaction about which he was testifying, except his own uncorroborated statements, even if it be conceded that F. J. Wood testified that he was the agent of the defendant.

It is not denied by the plaintiff that his draft for one-half of the purchase price, with assignment attached, was not sent out from Okmulgee to the Irving National Bank of New York until October 5, 1921, some two months after the memorandum above mentioned was executed, and while the plaintiff testified that, when the draft was returned unpaid some 20 or 30 days thereafter, he was drilling the well and had reached a depth of some 1,000 feet, there is other testimony in the record to the effect that plaintiff did not commence drilling until June 10, 1922, completing it to a depth of 2,100 feet on July 13th thereafter.

Defendant testified positively that he was the president of the Noco Mexican Oil Company, and that any negotiations he conducted for the purchase of the assignment in controversy was on behalf of the Noco Mexican Oil Company; that usually he acted for the company and not for himself in such transactions, and that in the instant case the assignment was intended for the Noco Mexican Oil Company, and that he specifically directed that the assignment be made to it; that on the occasion of the inception of the negotiations he was attending a directors' meeting of the company in Kansas City, and there, on behalf of the Noco Mexican Oil Company, signed the memorandum above, not in his individual capacity, but on behalf of the company of which he was president. He testified further, in effect, that it was the agreement that the draft should follow within two or three days, but that it did not arrive until the expiration of two or three months, and that he personally had no further negotiations concerning the matter and forgot all about it; that when the draft arrived no abstract or other evidence of title accompanied it, and the draft was returned unpaid.

With the record in this condition, we think the trial court erred in holding that the

plaintiff was entitled to relief. The relief demanded was in the nature of specific performance of an entirely oral contract for the sale of an interest in real estate. The very existence of this contract was denied by the defendant. His testimony was that if any such contract ever existed with anyone, it was with the Noco Mexican Oil Company, and that he never at any time entered into any contract with the plaintiff by which he agreed to purchase an assignment of any interest in any oil and gas lease. In this situation, has it been clearly proved that the performance relied on was in accordance with and based upon the actual agreement of the parties? We think all of these questions must be answered in the negative.

In 25 R. C. L. 337, paragraphs 160 and 161, it is said:

"A decree for specific performance will not be granted unless the evidence of the making of the contract is clear and convincing, and unless its terms, the consideration on which it was founded, and the time of its execution are clearly established. In all cases it must be clearly proven to the satisfaction of the court that the performance is in accordance with the actual agreement of the parties. While the foregoing rule is a general one, it has been reiterated with special emphasis as regards parol contracts for conveying real estate. Not only must the existence of such a contract be indubitably established, but the same is true of its terms. and everything required to be embodied in the memorandum called for by the statute of frauds. * * * Specific performance of a parol agreement for the sale of land, upon the ground of part performance, will not be decreed unless the facts alleged to be in part performance are clearly proved. * * * Where a proceeding is brought for the specific performance of a parol contract the rule seems to be established that more than a mere preponderance of testimony is required to establish the existence of such parol contract when its existence is denied."

In Nichols v. Edmundson, 105 Okla. 202, 232 Pac. 68, it is said:

"Specific performance of a contract will not be enforced when any material part of the terms or conditions are uncertain."

After a careful consideration of the entire record, we conclude that the judgment of the trial court must be reversed and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 689; 25 R. C. L. 337; 4 R. C. L. Supp. p. 1582. (2) 36 Cyc. p. 689. (3) 36 Cyc. p. 691; anno 49 L. R. A. 507; 25 R. C. L. p. 338.