### MUELLER, Adm'r, et al. v. SPERLE.

No. 17751.  Opinion Filed Nov. 8, 1927.

(Syllabus.)

**Frauds, Statute Of—Parol Contract for Sale of Land—Enforcement—Evidence.**

Where a party claims title to real estate through purchase by an oral agreement and it is shown that such party has been in open, notorious, and adverse possession of the real estate for more than ten years; that during this period of time he has made permanent and valuable improvements thereon; that he caused the real estate to be listed for taxation in his own name during said period of occupancy; and that the prior owner, while owning other land in said county, during this period of time, did not list the land in question for taxation, and said prior owner frequently told other parties that he had sold the land to the party in possession, and there is evidence showing that a valuable consideration had been paid the prior owner of said land by the party in possession, said evidence of sale and transfer is sufficient to meet the rule which requires that a contract for the sale of land in parol, to be enforceable. must be established by clear and convincing testimony.

Error from District Court, Washita County; E. L. Mitchell, Judge.

Action by C. C. (Christian) Sperle against W. G. Mueller, administrator of estate of Christian Sperle, Sr., deceased, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Darnell & LaRue and Ash & Jones, for plaintiffs in error.

Meacham & Meacham, for defendant in error.

LESTER, J.  The parties to this action appear here in the inverse order to that in the district court.  The plaintiffs in error will be referred to as defendants, and defendant in error as plaintiff.

On the 31st day of July, 1925, the plaintiff filed his petition in the district court of Washita county, Okla., against the defendants in which plaintiff stated and alleged that he was the owner of and in possession of the following described real estate in Washita county, Okla., to wit: N. W. quarter of section 4, township 11 north, range 17, Washita county, Okla.; that the plaintiff derived his chain of title to said land as follows, to wit: One John Rheuther obtained title to the said land from the government of the United States of America, and said Rheuther, by warranty deed, conveyed the same to Christian Sperle, deceased, and the said Christian Sperle, on or about June 4, 1910, verbally and orally conveyed all of the said land to plaintiff and placed the said plaintiff in possession and part of the purchase price was paid; and that said plaintiff has at all times since June 4, 1910, been in actual, open, notorious, and adverse possession of the said land; that plaintiff has placed valuable improvements on said land, and has paid all the taxes on said land for every year from the date of conveyance to him, on June 4, 1910, and has paid all the purchase price to the said Christian Sperle, deceased, except $800: and that plaintiff tendered to the court the said amount for the use and benefit of the estate of Christian Sperle, deceased.

Plaintiff further alleged that he was wholly ignorant and uneducated and could not read or write the English language, and was unaccustomed to business methods and knew nothing of the legal or customary methods of conveyances, and for these reasons he did not take any deed nor did he enter into any kind of writing at all, and that the transaction was wholly oral and verbal.

Plaintiff asked that the title to the said real estate be quieted in the plaintiff and that the defendants be forever barred from

any claim, right, title, or anything else in and to said land.

W. G. Mueller, as administrator of the estate of Christian Sperle, Sr., deceased, filed a separate answer to the petition of the plaintiff in which said defendant denied that plaintiff ever purchased said lands from Christian Sperle, Sr., and denied that he had been in open and notorious possession thereof since June 4, 1910.

Said defendant further alleged that the plaintiff, since the year 1921, rented said land from said defendant and that said plaintiff had expressly waived his interest, if any, he had in said land in writing and was thereby estopped to claim the same.

The other defendants to the said action filed a general denial to the material allegations in plaintiff's petition.

Plaintiff thereafter filed a reply to the separate answer of W. G. Mueller.

On the 24th day of October, 1925, said cause came on for trial in the district court of Washita county. On the 3rd day of December, 1925, judgment was rendered in said cause in favor of the plaintiff, and the defendants prosecute this appeal to reverse said judgment.

The court in its judgment decreed that Christian Sperle, Jr., had purchased said land in controversy from Christian Sperle, Sr., and had paid all of said purchase price to said Christian Sperle, Sr., except the sum of $1,500, which amount the plaintiff had tendered to the administrator of the estate of Christian Sperle, deceased.

The court also decreed that title be quieted in the plaintiff and that each of the defendants be forever barred from claiming any right, title, or interest of any kind or nature in and to said real estate.

The defendants' assignments of error are:

(1) The decision and judgment of the trial court is not sustained by sufficient evidence, is contrary to the evidence, and contrary to law.

(2) The court erred in overruling the demurrer of the defendants to the evidence of the plaintiff.

(3) The court erred in overruling the motion of the defendants for a new trial.

The defendants in their brief discuss the first and second assignments of error together, for the reason that they relate to but one subject, to wit, the sufficiency of the evidence to sustain the judgment.

The plaintiff, Christian Sperle, Jr., testified, in his own behalf, that he had resided on said real estate since 1910, and had been constantly in possession of the same since said date; that he had paid taxes on said real estate since 1910; that he had made valuable improvements thereon, among the improvements being the sinking of a well and the building of a wind mill which cost $400; that he had built a cellar at the cost of $150; that he had moved a house on the premises and said house was worth the sum of $200; that he had made other minor improvements thereon consisting of sheds, fences, etc.

Owing to the fact that Christian Sperle, Sr., from whom plaintiff claimed that he had purchased the place, had died, the plaintiff was precluded from relating an oral transaction with his deceased grantor. He offered in evidence several checks purporting to have been made in favor of his father. An objection was made by the defendants to this evidence, which was by the court sustained.

R. H. Thompson, a witness on behalf of the plaintiff, testified, in part, that about the year 1912, he called upon Christian Sperle, Sr., for the purpose of securing an oil and gas lease on the land in controversy; that said Sperle told him that he, Christian Sperle, Sr., did not own the land, but that Christian Sperle, Jr., was the owner thereof; that the witness thereafter procured an oil and gas lease from Christian Sperle, Jr., and his wife.

Adam Ernst testified that he had a conversation with Christian Sperle, Sr., in which the said Christian Sperle, Sr., stated:

"You have to do the same like I do; I give the place to my son and he pay $3,500, and now if he pay the other $1,500 then he get the deed from me."

John Shadler was a witness in behalf of the plaintiff, and his testimony, in part, is as follows:

"Was you talking to the old man Sperle in 1918, one time about the land Chris lives on now? A. Yes. Q. What was that conversation? A. Well, they been over there at my place, the old man and his son, and in the night, in the evening when we get supper we been talking about how goes, and I ask him if he give that land to Chris his son or what is he going to do with it, and he said he sold it to him, but he not give him the deed before he pay it out. Q. Did he tell you the reason why he wouldn't give him the deed? A. Because he was afraid he would sell it if he give him the deed."

G. W. Miller testified that he was county assessor. He identified a number of assessment lists in which it was shown that the land during the lifetime of Christian Sperle, Sr., was never assessed in his name.

Plaintiff introduced in evidence the assessment list of 1914, in which it is shown that Christian Sperle, Sr., listed his real estate for taxation in Washita county, Okla., but said list did not include the real estate involved here.

Plaintiff also offered in evidence assessment list of 1914, in which it is shown that Christian Sperle, Jr., listed for taxation the lands involved in this controversy.

The defendants make no claim that from 1910 until the death of Christian Sperle, Sr., said Christian Sperle ever included the said lands in any tax list return made to the county assessor's office.

John B. Rainbolt testified as a witness on the part of the plaintiff. He stated that he was then engaged as a farm loan inspector for the State School Land Department; that shortly before the death of Christian Sperle, Sr., he visited him in his home, and the following is, in part, the examination of said witness as shown by the record (C.-M. 66-67):

"Q. Mr. Rainbolt, is the farm that you call Chris' farm the farm where Chris did live? A. Chris was living on that farm at the time. Q. Did Mr. Sperle, Sr., tell you who owned the farm that Chris was living on at the time? A. Yes. Q. Who did he tell you owned that? A. He said it belonged to his son. Q. That was the farm that Chris is living on now? A. Yes,—I don't know whether it is the farm that he lives on now, but it is the farm that he lived on at that time. Q. When was that? A. Well, I don't remember the date,—it was the only time I ever talked with him, but we went over to see Chris and Chris kindo'· liked the idea of getting some good bottom land, but we put it up to Chris' wife and she blowed up the trade. Q. She wouldn'H trade? A. No; we was getting Chris in debt pretty heavily and getting a mortgage on his live stock and she grunted and shook her head and said, 'O-o-o, too much debts,' and blew up the trade."

The defendants each testified in the case, most of this testimony being of a negative character.

Mrs. Mary Rose, one of the defendants and a sister of the plaintiff, testified that about a year before her father died she had a conversation with the plaintiff at her father's home and the plaintiff offered to pay the witness and her sister, Christina, $1,500, in order that plaintiff might obtain the title from his father. The witness stated that she and Christina wanted $1,500 each, and that they separated without ever having come to an agreement with the plaintiff.

W. G. Mueller, one of the defendants and administrator of the estate of Christian Sperle, Sr., testified that when he called upon the plaintiff, plaintiff demanded that he be allowed pay for certain improvements that he placed upon said real estate, and that the plaintiff did not make any statement that he had bought the place from his deceased father; and that plaintiff remained in possession of said premises on account of renting the same from the said witness, who was administrator of said estate.

The plaintiff brought his suit for equitable relief, and the trial judge heard all the testimony; he had the witnesses before him and he was the better enabled to observe their demeanor and the manner of testifying.

The trial court found the issues in favor of the plaintiff, and this court is now called upon to determine whether the testimony produced in said cause was sufficient to justify the result reached by the trial court.

We have read the entire record in this case, and we conclude therefrom that the following facts are clearly established:

That the plaintiff for ten years lived on the farm in open, notorious, and adverse possession; that during this time he made permanent and valuable improvements thereon; that he listed the lands for taxation in his own name during this period of time and that he paid taxes thereon for a period of ten years; that he had the improvements insured in his own name; that Christian Sperle, Sr., when approached by a number of parties in reference to said lands, informed them that the plaintiff was the owner of the same; that as far back as the year 1912, when one R. H. Thompson, who was desirous of procuring an oil and gas lease on said land, called upon Christian Sperle, Sr., and informed him that he desired to obtain an oil and gas lease upon the said land, the said Sperle then informed Thompson that he, Sperle, did not own the land, but that it belonged to his son, Christian Sperle, Jr., and that Thompson thereafter procured an oil and gas lease from said Christian Sperle, Jr.

It is shown that the plaintiff signed an instrument authorizing the sale of said land by the administrator and there is testimony

showing that the plaintiff paid the administrator rent on said land.

We also conclude from the record that it is shown that the plaintiff knew but little, if anything, regarding the transfer of real estate and that he did not know the legal effect which would result from the plaintiff not having obtained a deed from his father; and that the plaintiff's acts in derogation of his title after the appointment of the administrator of the estate of Christian Sperle, Sr., were predicated on plaintiff's belief that the absence of a deed from plaintiff's father would defeat the claim of plaintiff's ownership in said land. The plaintiff was an uneducated, industrious, and frugal young farmer; that his conduct in relation to said farm with the administrator was done in ignorance of the plaintiff's legal rights.

We think the evidence on the part of the plaintiff justified the trial court in awarding judgment in favor of the plaintiff, and that it was sufficient to come within the rule heretofore announced by this court, in the third paragraph of the syllabus, in the case of Webster v. Neal, 119 Okla. 93, 248 Pac. 596. wherein it is stated:

"Specific performance of a parol contract for the sale of land upon the ground of part performance will not be decreed unless the facts alleged to be in part performance are established by clear and convincing testimony."

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HUNT, CLARK, and HEFNER, JJ., concur.